JULIA MORRIS, Respondent, v. JOHN MORRIS, S. MARIE MORRIS and MARIE S. CROWE, Appellants.

*Fraudulent conveyance — evidence sustaining a finding of fraud — personal property applied on a judgment — a sheriff not the agent of the judgment creditor — inadmissible evidence.*

In an action brought by a judgment creditor to set aside a deed given by his debtor, as being a fraudulent conveyance, the evidence upon the trial showed that the plaintiff's judgment was recovered on October 6, 1890; that on September 20, 1890, the judgment debtor conveyed a piece of land to his mother-in-law, who lived with him; that prior to the twentieth of September (and in the presence of the grantee) the judgment debtor was told it was best "to put everything out of his hands," to which he replied that "he supposed it would be a good thing." No money was paid for the deed; the pretended consideration was eighty acres of land in Kansas, which the debtor had never seen, worth $1,000. The farm was worth $5,000, and was mortgaged for $1,500 only.

The trial court found the deed to have been fraudulently given and taken.

*Held,* that the evidence sustained the finding.

In such a case, after the recovery of a judgment, the plaintiff became possessed of certain articles of personal property belonging to the debtor, which property plaintiff testified was not worth ten dollars, and another witness that it was not worth twenty-five dollars. The trial judge found the value of such property to be seventy-five dollars, and deducted it from the judgment debt.

*Held,* that the inquiry as to the value of the personal property was necessary to determine what was equitable between the parties, and that this finding afforded no cause to reverse the judgment as to the fraudulent character of the deed.

A sheriff with an execution is not the agent of the judgment creditor, upon whose judgment the same was issued, and, therefore, proof of a conversation between him and the judgment debtor is properly excluded under the objection of the judgment creditor.

APPEAL by the defendants, John Morris, S. Marie Morris and Marie S. Crowe, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rockland on the 13th day of November, 1892, upon a decision of the court rendered at the Rockland Circuit after a hearing before the court without a jury, and from an order appointing a receiver of the premises described in the said judgment, entered in said clerk's office on the same day.

The defendant John Morris, sworn as a witness on his own behalf, testified on his re-direct examination as follows:

"I know John F. Shankey, the sheriff of Rockland county. He spoke to me about having an execution on the judgment that my mother obtained.

"Do you remember what you told him? [Objected to as incompetent and irrelevant. Objection sustained. Exception taken.]"

*G. Z. Snider,* for the appellants.

*Arthur S. Tompkins,* for the respondent.

BARNARD, P. J.:

The plaintiff is a judgment creditor of John Morris. The judgment was recovered on the 6th of October, 1890. On the 20th of September, 1890, the judgment debtor conveyed a farm of land of about fifty-one acres to the defendant Marie S. Crowe, by deed in which his wife joined. The plaintiff's execution was returned unsatisfied, and this action is brought to set aside this deed as fraudulent. The defendants aver that there was sufficient personal property to pay the execution issued by plaintiff, and that the sale was made in good faith by the debtor of the farm, and for an adequate consideration. The trial court found the deed to have been fraudulently given and taken. The evidence sustains the finding. The plaintiff had brought her action to recover the judgment which she did obtain, and that in September previous the debtor was told that it was best "to put everything out of his hands," to which he replied that "he supposed it would be a good thing." This was in the presence of the grantee, Marie S. Crowe. Mrs. Crowe was the mother-in-law of the debtor, and lived with him and his wife. No money was paid for the deed. The pretended consideration was eighty acres of land in Kansas. The debtor had never seen the land there, and it was worth $1,000. This, if true, would make out no adequate consideration for the farm worth $5,000, with a mortgage on it of $1,500 only. The case is a clear one where a debtor interposed a title between his property and his creditor, to hinder, delay and defraud the creditor. After the recovery of the judgment by plaintiff, she became possessed of certain articles of personal property belonging to the debtor. The proof is not very clear what this property was, nor what was its value. It was proven by plaintiff not to have been worth twenty-five dollars,

by one witness, and the plaintiff testified that it was not worth ten dollars. The trial judge found the value to be seventy-five dollars, and deducted it from the judgment debt. The debtor has no cause from this finding, and under this proof, sufficient to reverse the judgment as to the deed. The proof of a conversation between the defendant and the sheriff was properly rejected. The sheriff was not a party to the action, and was in no respect the plaintiff's agent, because he had in his hands an execution on her farm against the judgment debtor.

The inquiry as to the value of this personal property was necessary to determine what was equitable between the parties. It would have been inequitable to set aside the transfer in favor of a plaintiff who had in her hands personal property of the debtor, without applying the value of the same upon her debt.

The judgment should be affirmed, with costs.

Pratt, J., concurred.

Judgment affirmed, with costs.